# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO ARAUJO NAVARRO, <br><br> Petitioner, <br><br> v. <br><br> PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Respondent. | 1:08-cv-01306 YNP (DLB) (HC) <br><br> ORDER GRANTING RESPONDENT'S MOTION TO DISMISS <br><br> [Doc. #14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On November 14, 2005, Petitioner was convicted of forcible rape and sexual battery in the Tulare County Superior Court. (Pet. 1.) Petitioner received a sentence of 8 years. Id.

Petitioner appealed his conviction raising the following grounds: (1) the trial court erred by refusing to grant a hearing on the admissibility of proffered evidence regarding the victims sexual conduct and, alternatively, that the trial court abused its discretion by excluding the evidence under section 352 of the California Evidence Code (Pet., attached Court of Appeal opinion; Doc. #1, 50); (2) the trial court committed prejudicial error by admitting Jerry Moore's rebuttal testimony (Id. at 62); (3) the jury instruction CALJIC no. 2.62 (drawing negative inferences from a defendant's testimony) should not have been given and the trial court committed prejudicial error by having done so (Id. at 63); and (4) the trial court violated appellant's Sixth Amendment right to trial by jury by

imposing the upper term based on factors not admitted by appellant or found to be true by the jury beyond a reasonable doubt. (Id. at 66.) On February 23, 2007, the appellate court found error pertaining to the fourth claim under Cunningham v. California, 549 U.S. 270 (2007). (Mot. to Dismiss, 2; Pet., attached Court of Appeal opinion; Doc. #1, 40-68.) The court vacated Petitioner's sentence and remanded the case back to the trial court for modification of the sentence and re-sentencing. (Id.)

On March 23, 2007,[1] Petitioner filed a petition for direct review in the California Supreme Court in which he raised the following claim, "[a]n upper term sentence which violates the rule established in Cunningham v. California must be reduced to the middle term to comply with fundamental fairness and the double jeopardy clause and in the absence of existing California law for contested sentencing procedures." (Mot. to Dismiss, 2; Pet., attached Petition for Review; Doc. #1, 22-69.) On September 12, 2007, the State supreme court granted review and transferred the matter back to the appellate court "with directions to vacate its decision and reconsider the cause in light of People v. Black (2007) 41 Cal.4th 799 and People v. Sandoval (2007) 41 Cal.4th 825." (Mot. to Dismiss, 2; Lodged Doc. A.) After reconsideration, On November 16, 2007, the State appellate court vacated its earlier decision and affirmed the judgment in its entirety. (Mot. to Dismiss, 2; Lodged Doc. B, attached Court of Appeal Decision.)

On December 19, 2007, in light of the appellate court's November 16 decision, Petitioner filed a second petition for review with the State supreme court raising the same single ground as his earlier State supreme court petition. (Mot. to Dismiss, 2; Lodged Doc. B.) The petition for review was denied on January 23, 2008. (Mot. to Dismiss, 2; Pet., attached California Supreme Court decision; Doc. #1, 12.)

On February 13, 2008, Petitioner filed a petition for writ of habeas corpus in the Tulare Count Superior Court, which raised a single issue–juror misconduct. (Mot. to Dismiss, 3; Lodged Doc. C.) On February 14, 2008, the petition was denied on the following grounds: (1) Petitioner failed to provide adequate and propr notice; (2) Petitioner failed to raise the issue in a timely manner; and (3)

---

[1] Respondent's motion to dismiss states the date of the petition as March 27, 2007, but for purposes of this order, the Court will defer to the date on which the petition was signed. (See Pet., attached Petition for Review; Doc. #1, 37.)

the superior court will not consider matters on habeas that have already been raised and/or rejected on direct appeal. (Mot. to Dismiss, 3; Pet., attached Superior Court ruling; Doc. #1, 14-15.) Subsequently, on March 26, 2008, the superior court amended the order denying the petition in a reasoned decision analyzing the alleged juror misconduct. (Mot. to Dismiss, 3; Pet., attached Superior Court ruling; Doc. #1, 17-19.) On March 7, 2008, Petitioner filed another petition for writ of habeas corpus in the Tulare County Superior Court claiming that the "verdict was obtained in violation of appellant's constitutional right to an impartial jury." (Mot. to Dismiss, 3; Lodged Doc. D.) The petition was denied on March 12, 2008, for failing to raise the issues in a timely manner and failing to state a basis for relief. (Mot. to Dismiss, 3; Lodged Doc. E.)

On August 11, 2008, Petitioner filed the instant petition in the U.S. District Court asserting that the "verdict was obtained in violation of appellant's constitutional right to an impartial jury." (Doc. #1, 4.) On April 3, 2009, Respondent filed a motion to dismiss claiming that Petitioner failed to exhaust his claim in State court. (Doc. #14.) Petitioner did not file a response to Respondent's motion. It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

> Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Respondent asserts that the petition should be dismissed because Petitioner never raised the juror misconduct claim to the California Supreme Court. Petitioner filed two different petitions for review with the State supreme court, both of which only raised the Cunningham error claim. The claim at issue in the instant petition is whether there was juror misconduct when the juror who was to become the foreman indicated after the trial that he knew one of the witnesses. (Pet., 4.) As stated above, the Cunningham error issue pertains to sentencing limits which shares neither a factual nor a legal basis with juror misconduct. Even though Petitioner presented claims of juror misconduct to the superior and appellate courts, at no time was the State supreme court given a full and fair opportunity to rule on the issue; therefore the claim is unexhausted.

**CONCLUSION**

The claim presented in the instant petition was never presented to the State supreme court; thus, the petition is unexhausted and must be dismissed.

**ORDER**

Accordingly, Respondent's motion to dismiss is hereby GRANTED and the petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: **February 22, 2010**          /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE